## TUOLUMNE COUNTY WATER COMPANY *v.* COLUMBIA AND STANISLAUS WATER COMPANY.

A complaint which alleges that the plaintiffs were, on a certain day, the owners and proprietors of a certain valuable water-ditch for the purpose of conveying water, and at which time and place the defendants were also the owners of a certain other water-ditch for the purpose aforesaid, and that afterwards, on the same day and year, at etc., aforesaid, the said defendants' ditch was so badly and negligently constructed and managed, and the water therein so negligently and carelessly attended to, that said ditch broke and gave way, and the water therein flowed over and upon the ditch of plaintiffs, greatly damaging and injuring the same, and carrying down therein and thereon great quantities of rock, stone, earth, and rubbish, and breaking said plaintiffs' ditch, and depriving them of the use and profit of the water flowing therein, to said plaintiffs' damage of $3000, and thereof they bring suit, is sufficient.

A person who has been a stockholder in an incorporated company, but ceased to be such holder before suit was brought, is a competent witness in an action in the name of such company.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This was an action for damages, caused by the defendants' ditch breaking and overflowing the ditch of plaintiffs.

The complaint is as follows:

"*District Court, Fifth Judicial District—The Tuolumne County Water Company* v. *The Columbia and Stanislaus R. Water Company—Tuolumne County: ss.*—The Tuolumne County River Water Company, plaintiffs, by Henry P. Barber, their attorney, complain of the Columbia and Stanislaus River Water Company, defendants, both plaintiffs and defendants being corporations formed for the supply of water for mining purposes, under the laws of this State: That said plaintiffs heretofore, to wit, on the sixth day of May, A. D. 1857, at the county of Tuolumne, were the owners and proprietors of a certain valuable water-ditch or canal, for the purpose of conveying water; at which time and place said defendants were also the owners and proprietors of a certain other water-ditch and canal for the purpose aforesaid; and said plaintiffs aver that afterwards, to wit, on the same day and year at etc., aforesaid, the said defendants' ditch was so

13

Tuolumne Co. *v.* Columbia and Stanislaus Co.

badly and negligently constructed and managed, and the water therein so negligently and carelessly attended to, that the said ditch broke and gave way, and the water flowing therein, by reason thereof, flowed into, over, and upon the ditch of said plaintiffs, greatly damaging and injuring the same, and carrying down therein and thereon great quantities of rock, stones, earth, and rubbish, and breaking said plaintiffs' ditch, and depriving them of the use, profit, and benefits of the water flowing therein, to said plaintiffs' damages of three thousand dollars, and thereof they bring suit."

The answer of defendants was a general denial.

On the trial, Thomas P. Morrissey, a witness for the plaintiff, being sworn on his *voir dire*, testified as follows:

"I was ditch-tender for plaintiffs, and a member of the corporation at the time of the breaking of defendants' ditch in May last. I sold out on or about the tenth of June, and before the commencement of this suit, to a former partner who is a stockholder, for three thousand dollars—three shares. I think I have his notes at my cabin. They will become due the last of this month. I have no other security. I have no interest in the event of this suit."

Defendants' counsel objected to the witness, on the ground of interest. The Court overruled the same, and defendants then and there excepted.

The trial was had before a jury, who returned a verdict for the plaintiffs for the sum of $1,550, and judgment was duly entered thereon. Defendants moved for a new trial, which was denied by the Court, and defendants appealed.

*J. W. Coffroth* for Appellants.

1. The complaint is insufficient to support the judgment, because there is no relief asked.

2. The Court below erred in admitting the witness Morrissey to testify.

3. The damages are excessive.

*Barber* for Respondents.

1. The exception to the witness Morrissey on the ground of interest, was perfectly unfounded.

He was at the time of the break a stockholder in the plaintiffs' corporation, and sold out his stock before suit was brought. He, therefore, had no interest in the event of the suit, and expressly swears he had none.

At common law, the interest of a corporator might be transferred the instant before he was called on to testify, and this rendered him a valid witness. Angell & Ames on Corp., 3d ed.,

p. 593; 2 Cowen's Rep., 777; 3 Wend. Rep., 296; 3 Watts, 374; 11 Wend. Rep., 627.

The test of interest is declared by section three hundred and ninety-three of the Practice Act to be, that the witness "will gain or lose by the direct legal operation and effect of the judgment, or that the record of the judgment will be legal evidence for or against him in some other action." Apply this test:

*First*—He could not gain or lose by the direct legal operation and effect of the judgment, for he was neither directly, (as a natural person,) nor indirectly, (not being a corporator at the time of suit brought,) any party to the suit on which that judgment was founded.

*Second*—The record of the judgment could not, for the above reason, be evidence against him in any other action.

To make him interested, he must have had an interest in the damages recovered on the one hand, or been responsible for costs on the other. Now, when he transferred his stock, he transferred all rights appurtenant to his corporate interest. Thereafter, he could, on the one hand, demand no share of any damages recovered in any suit to be brought by them, nor, on the other, could the defendants make him responsible for any proportion of costs which might be recovered against the corporation in such suit. The action was a thing not *in esse* at time of the transfer.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

1. The complaint in this case is sufficient.

2. The witness Morrissey had no interest in the event of the suit, having ceased to be a stockholder before the suit was brought.

3. The damages were not excessive.

Judgment affirmed, with ten per cent. damages.